**Juan Mendez DIAZ; Blanca Leticia Mendez Diaz, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73910.

United States Court of Appeals, Ninth Circuit.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Jessica E. Smith, Fresno, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Francesco Isgro, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Juan Mendez Diaz and Blanca Leticia Mendez Diaz, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We dismiss in part and deny in part the petition for review.

■ The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence submitted with petitioners' motion to reopen was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(I) bars this court from revisiting the merits).

Petitioners' due process contentions fail to state a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to review petitioners' contentions related to the BIA's underlying order dismissing petitioners' December 11, 2003 motion to remand to the immigration judge for consideration of new evidence because the instant petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

■ We review for abuse of discretion the BIA's denial of petitioners' motion to reopen to consider evidence the IJ disallowed at the hearing. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). The BIA did not abuse its discretion in denying the motion to reopen because petitioners failed to set forth any new facts or present any new evidence to demonstrate the requisite hardship. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.